UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLY AGUIRRE, ET AL.**                                     **CIVIL ACTION**

**VERSUS**

**BANKERS SPECIALTY INSURANCE**              **NO.:17-01577-BAJ-RLB**
**COMPANY, ET AL.**

## RULING AND ORDER

Before the Court is Defendant Bankers Specialty Insurance Company's **Motion to Dismiss Pursuant to FRCP 37(d) (Doc. 18)**. Plaintiffs did not file an opposition to the motion. For the reasons stated herein, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**

In 2016, Plaintiffs sustained damage to their home in Denham Springs, Louisiana, as a result of flooding. (Doc. 1 at p. 4). Plaintiffs allege that they timely reported their losses to Defendant, and Defendant sent an adjuster to their home. Plaintiffs allege that Defendant prepared a damage estimate that failed to comply with the provisions of their policy, and that they were forced to sign and submit a Proof of Loss form to Defendant, based on this damage estimate, to receive a payment. (Id. at p. 5). Plaintiffs claim that numerous items covered under the policy were omitted from the estimate; thus, the insurance proceeds paid by Defendant failed to adequately compensate them for all of their covered losses. (Id.)

On November 3, 2017, Plaintiffs filed their Complaint (Doc. 1), alleging breach of contract. Defendant later filed the instant motion, requesting dismissal of this action pursuant to Federal Rule of Civil Procedure 37 for Plaintiffs' failure to attend depositions. Defendant asserts that it attempted to conduct depositions with Plaintiffs on two occasions. Defendant first attempted to depose Plaintiffs on November 11, 2019. Although Defendant previously served Plaintiffs with proper notice of the deposition, shortly before the deposition was scheduled to begin, Plaintiffs informed Defendant that they would not be appearing. Plaintiffs did not provide an explanation for their absence. Defendant attempted to depose Plaintiffs again on December 26, 2019. Defendant served proper notice of the deposition upon the Plaintiffs, and Plaintiffs confirmed their attendance. However, once again Plaintiffs failed to appear without providing an explanation. Defendant argues that the deadline for discovery has now passed without a deposition of the Plaintiffs. Defendant requests the Court to dismiss Plaintiffs' claims with prejudice for their failure to appear for the depositions pursuant to Federal Rule of Civil Procedure 37.

## II.   LEGAL STANDARD

Under Federal Rule of Procedure 37, a court may sanction a party if the party fails to attend its own deposition when served with proper notice. Fed. R. Civ. P. 37(d)(1). Rule 37 empowers the district court to compel compliance with federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice. *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). Dismissal with prejudice is a harsh action, to be used only in extreme

circumstances and deliberate, repeated refusals to comply with discovery orders justify the use of this ultimate action. *Id.*; *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979).

### III. DISCUSSION

The United States Court of Appeals for the Fifth Circuit has approved dismissal as a sanction imposed under Rule 37(d) where a plaintiff's failure to comply with discovery has involved either repeated refusals or an indication that a party fully understands the importance of discovery obligations coupled with a bad faith refusal to comply. *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). A single default is not enough to warrant a dismissal. See *Id.* "A Rule 37 dismissal is proper if the refusal to cooperate resulted from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *Pegues v. PGW Auto Glass, L.L.C*, 451 Fed.Appx. 417 (5th Cir. 2011) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

Plaintiffs did not file an opposition to this motion; thus, the Court does not have the opportunity to consider an alternative explanation for Plaintiffs' failure to be deposed, such as a misunderstanding of the obligation or no knowledge of the deposition. To show that Defendant properly noticed Plaintiffs for both depositions, Defendant attached copies of email correspondence and the notices of the depositions. Defendant noticed Plaintiffs for the November deposition (Doc. 19-3) and the December deposition (Doc. 19-6). Defendant also attached a copy of the transcript from the second deposition which evidences Plaintiffs' failure to show. (Doc. 19-8).

According to the transcript, Plaintiffs' counsel was in attendance for the deposition and stated that he "has tried to touch base with Plaintiffs to no avail." (Id. at pp. 1-2).

The Court finds that Plaintiffs' failure to attend the depositions twice constitutes contumacious conduct and is sanctionable under Rule 37(d). Plaintiffs were required to comply with discovery procedures and have failed to do so twice and have failed to comply within the discovery period established by the Court. The Court finds Plaintiffs' failure to be willful because Plaintiffs cancelled the first deposition without notice and failed to attend the second, even failing to notify their attorney that they would not be in attendance. Nearly six months have passed since the last scheduled deposition and nearly three months have passed since the discovery deadline. Since then, Plaintiffs have not filed any motions or made any attempts to ameliorate the effects of their conduct. Plaintiffs' willful disregard of this discovery obligation has delayed the advancement of this case and has greatly inconvenienced the Defendant. Thus, Plaintiffs' willful conduct, failure to tender a justifiable excuse, failure to communicate with their own counsel, and the resultant delays constitute circumstances that warrant the dismissal of this case.

Accordingly,

**IT IS ORDERED** that Defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claim is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 11th day of June, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**